# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JURIJUS KADAMOVAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:11-cv-00015-WTL-DKL |
| | ) | |
| JO CHARLES LOCKETT Acting Warden, | ) | |
| United States Penitentiary Complex Terre | ) | |
| Haute, IN, T.K. COZZA-RHODES, | ) | |
| CRAIG COIL Food Service supervisor, | ) | |
| United States Penitentiary Complex Terre | ) | |
| Haute IN, ANTHONY SERRATO, | ) | |
| MICHAEL STEPHENS, RICHARD | ) | |
| MYERS Correction Officer/2-10 Shift, United | ) | |
| States Penitentiary Terre Haute IN, | ) | |
| TRACY HEISER, UNITED STATES OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |


**Entry Discussing Motion to Reconsider and Directing Further Proceedings**

Plaintiff, Jurijus Kadamovas, ("Kadamovas"), is a federal inmate currently incarcerated at

the Federal Correctional Complex in Terre Haute, Indiana ("FCC Terre Haute"). On January 18,

2011, Kadamovas filed a civil rights complaint, pursuant to *Bivens v. Six Unknown Federal*

*Narcotics Agents*, 403 U.S. 388 (1971), alleging that defendants Warden Charles Lockett, T. K.

Cozza-Rhodes ("AW Rhodes"), Michael Stephens, Craig Coil, Anthony Serrato, and Tracy

Heiser, (in their individual capacities) violated his First and Eighth Amendment rights and the

Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1(a) ("RFRA").

1

On September 30, 2013, this Court issued an Entry granting in part and denying in part the defendants' motion for summary judgment. The Court ultimately held that Kadamovas had not identified a genuine issue of material fact as to his claims in Counts One and Two, and that defendants Lockett, Cozza-Rhodes, Serrato, Coil and Stevens are entitled to judgment as a matter of law on those counts. In Count One, Kadamovas alleges his free exercise rights were violated under the First Amendment and RFRA because the food served to him while on the religious diet ("Common Fare diet") was inadequately cooked or prepared or spoiled or nutritionally inadequate. Dkt. 1, pp. 7-17. In Count Two, Kadamovas claims that his Eighth Amendment rights were violated by the defendants because he was served inadequately cooked or prepared food causing him to become sick. Dkt. 1, pp. 18-20. As to Count Three, the Court held that material facts are in dispute regarding whether Defendant Heiser was deliberately indifferent to Kadamovas' serious medical needs in November 2010. Count Three shall be resolved at trial. Counsel has been recruited to represent Kadamovas in further proceedings.

Now before the Court is Kadamovas' motion to reconsider the entry of summary judgment in favor of the defendants as to Counts One and Two. The motion was filed by the plaintiff pro se and the reply was filed by recruited counsel. For the reasons explained below, the motion to reconsider [dkt. 58] is **denied.**

## Discussion

A court may, in the exercise of its discretion, revise any non-final order "at any time before the entry of a judgment adjudicating all the claims. . . ." Fed. R. Civ. P. 54(b); *see also Galvan v. Norberg,* 678 F.3d 582, 587 and n. 3 (7th Cir. 2012). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence," and

should not "serve as the occasion to tender new legal theories for the first time." *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.,* 561 F.Supp. 656, 665–66 (N.D. Ill. 1982), *aff'd,* 736 F.2d 388 (7th Cir. 1984)). Kadamovas' motion to reconsider raises six claims of error each of which is discussed below.

First, Kadamovas argues that the Court failed to consider the entire factual record in his favor. Kadamovas' states that the Court "did not one time address any of specific facts and corroborating evidence that Kadamovas presented through his complaint, his affidavit attached to his motion in opposition and/or any other other [sic] plethora of evidence he presented through both his complaint and his motion in opposition . . . ." Dkt. 58 at p. 4. The Court did in fact review the entire record in ruling on the defendants' motion for summary judgment. The problem for Kadamovas was that the majority of his evidence was inadmissible. The defendants thoroughly outlined the deficiencies in Kadamovas' evidence in their reply brief. Dkt. 53 at pp. 1-7. The defendants' arguments regarding the admissibility of Kadamovas' evidence were considered and accepted by the Court in ruling on the motion for summary judgment. Kadamovas could have properly responded to the defendants' attacks on the admissibility of his evidence in a surreply, see Local Rule 56-1(d), but he failed to do so.

Given both the form and substance of Kadamovas's "copious evidence he attached to the complaint and evidence he attached to his motion in opposition," dkt. 58 at p. 4, it is possible that the Court did overlook some evidence. The Court would be willing to reconsider any admissible evidence that was unintentionally disregarded at this time if it was cited to with specificity. Unfortunately, however, Kadamovas does not point to any specific admissible evidence which he cited in his response in opposition to the motion for summary judgment and which was overlooked

or mistakenly disregarded by the Court. Kadamovas' general disagreement with the Court's conclusions in applying the evidentiary standards and law to the undisputed facts of this case is an insufficient basis for the Court reconsider its prior rulings. The Court has no obligation to parse through materials in search of a basis on which to determine whether there is a genuine issue of fact justifying a trial. *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) ("[D]istrict courts are not obliged . . . to scour the record looking for factual disputes. . . .").

Second, Kadamovas argues that the Court should have stricken the defendants' statement of undisputed facts because it did not include short numbered paragraphs with references to the record supporting the allegations as required by Rule 56 of the *Federal Rules of Civil Procedure* and Local Rule 56-1. Kadamovas is mistaken. The current version of the Federal Rules of Civil Procedure and Local Rules of this court do not require a party's statement of material facts not in dispute to be numbered. Thus there was no error in this regard. In addition, the Court intended to rely only on properly supported facts in the record in resolving the motion for summary judgment. The plaintiff has failed to specifically point to any fact presented by the defendants and relied on by the court which was not supported by admissible evidence. Accordingly, Kadamovas is not entitled to relief on this basis.

Third, Kadamovas argues that the court applied the wrong legal standard to his Free Exercise and Religious Freedom Restoration Act claims. Specifically, Kadamovas claims that the Court did not apply the "substantial burden test" to his claims. He is mistaken. The court applied

the appropriate test to the facts in the record. See dkt. 54 at pp. 11-16. No relief is warranted on this basis.

Fourth, Kadamovas argues that the court wrongfully ignored his evidence. Once again, Kadamovas has failed to identify specific admissible evidence (material to the resolution of the summary judgment) which was disregarded by the Court. No relief is warranted on this basis.

Fifth, Kadamovas argues that the court wrongly relied solely on the defendants' evidence in resolving the summary judgment motion. Kadamovas specifically argues that the court erred in accepting defendant Stephen's affidavit. Kadamovas states that the affidavit "indubitably did not come within shouting distance of satisfying Rule 56(e)." Dkt. 58 at p. 12. The relevant testimony is this:

> Inmate Kadamovas did complain to me a few times in 2011 about the religious services diet. Based on his complaints and in an effort to resolve his complaints, I conducted random spot checks of the food served in the SCU over a period of several weeks. The spot checks that I conducted involved my randomly pulling trays from the food cart and examining the food. At no time during these random spot checks did I observe any spoiled or out dated food items served to the inmates in the SCU.

Decl. of M. Stephens, dkt. 38-14 at ¶ 7. Kadamovas argues that this testimony should have been rejected as conclusory because it lacks specifics including the dates and times foods were checked and how they were checked. Kadamovas' complaint in this regard is really that Stevens' testimony lacks sufficient detail to determine the adequacy of the investigation he undertook. The declaration is relevant to the extent that it reflects that Stevens did not ignore Kadamovas' complaints, but that he personally acted upon them to investigate the allegations. Based on his personal investigation, Stevens found Kadamovas' allegations to be without merit such that no further action was

required. See dkt. 54 at p. 19. This evidence was properly considered and Kadamovas is not entitled to relief on this basis.

Finally, Kadamovas argues that the Court erred in finding that the individual defendants were not personally responsible for the federal violations alleged. Kadamovas contends that the defendants are liable because they "were repeatedly made aware of the deep rooted problems permeating the religious diets spanning over a five and a half year period and yet sit on their duffs' and turn a blind [eye] to such chronic and protracted problems." Dkt. 58 at p. 15. Kadamovas, however, has not pointed to any admissible evidence upon which the Court could conclude that the supervisory defendants had knowledge of the problems and failed to act appropriately. Inmate complaints are not enough to establish knowledge where the allegations are investigated and found to be without merit. *Olson v. Morgan*, -- F.3d --, 2014 WL 1687802, *4 (7th Cir. April 30, 2014) ("prison guards are neither required nor expected to believe everything inmates tell them); *Riccardo v. Rausch*, 375 F.3d 521, 527 (7th Cir. 2004) ("a prisoner's bare assertion is not enough to make the guard subjectively aware of a risk, if the objective indicators do not substantiate the inmate's assertion.").

Kadamovas has failed to identify any manifest errors of law or fact. Accordingly, the motion for reconsideration [dkt. 58] is **denied.**

## Further Proceedings

Claim Three of the complaint remains pending against Nurse Heiser. This claim shall be set for trial by separate ruling.

Kadamovas's request that the Court issue a partial final judgment as to Claims One and Two of the Complaint consistent with Rule 54(b) of the *Federal Rules of Civil Procedure* remains

under advisement. The defendants shall have **through June 10, 2014,** to state any objection to this request.

Claims One and Two alleged against defendants Lockett, Cozza-Rhodes, Coil, Stephens, Myers and Serrato have been resolved. These claims are different from Claim Three alleged against defendant Tracy Heiser. The Court is considering severing Claim Three against Tracy Heiser into a new civil action for trial consistent with Rules 18, 20, and 21 of the *Federal Rules of Civil Procedure.* If Claim Three is severed, final judgment would then enter as to Claims One and Two in this action. The undersigned would remain the presiding judge in this and the newly opened action. Severance would not impact the trial date for Claim Three. Both parties shall have **through June 10, 2014,** in which to notify the Court whether they have any objection to this course of action.

**IT IS SO ORDERED.**

Date:   05/27/2014

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel